IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anna Gobble, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 8036 |
| Bay Area Credit Service, LLC, a California limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Anna Gobble, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Anna Gobble ("Gobble"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent Credit One Bank consumer credit card debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Bay Area Credit Service, LLC ("Bay Area"), is a California limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in California and India, Bay Area operates a nationwide debt collection business and attempts to collect debts from consumers throughout the country, including consumers in the State of Illinois.  In fact, Bay Area was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Bay Area is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State attached as Exhibit A.  In fact, Bay Area does business in Illinois by collecting delinquent consumer debt debts from thousands of Illinois consumers.

6.      Moreover, Defendant Bay Area is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7.      Ms. Gobble is a senior citizen with limited assets and income, who fell behind on paying her bills.  When Defendant Bay Area began trying to collect her delinquent Credit One Bank consumer credit card debt from her, Ms. Gobble sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Bay Area's collection actions.

8.      On December 8, 2009, one of Ms. Gobble's attorneys at LASPD wrote to Bay Area, informing Bay Area that Ms. Gobble was represented by counsel, and

directing Bay Area to cease contacting her, and to cease all further collection activities because Ms. Gobble was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Bay Area directly called Ms. Gobble on December 15, 2009, to attempt to collect the debt she allegedly owed.

10. Accordingly, on December 17, 2009, Ms. Gobble's LASPD attorney had to send Defendant Bay Area another letter to cease communications and to cease collections. Copies of this letter, dated December 15, 2009 and fax confirmation from December 17, 2009, are attached as Exhibit D.

11. Undeterred, on December 21, 2009, and on December 29, 2009, Defendant Bay Area again called Ms. Gobble to demand payment of the delinquent Credit One Bank consumer credit card.

12. All of Defendant Bay Area's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Bay Area's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

3

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16. Here, the letters from Ms. Gobble's agent, LASPD, told Defendant Bay Area to cease communications and to cease collections (Exhibits C and D).  By continuing to communicate regarding this debt and demanding payment, Defendant Bay Area violated § 1692c(c) of the FDCPA.

17. Defendant Bay Area's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Bay Area knew that Ms. Gobble was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Gobble (Exhibits C and D).  By directly calling Ms. Gobble, despite being advised that she was represented by counsel, Defendant Bay Area violated § 1692c(a)(2) of the FDCPA.

21. Defendant Bay Area's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Anna Gobble, prays that this Court:

1. Find that Defendant Bay Area's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gobble, and against Defendant Bay Area, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anna Gobble, demands trial by jury.

        Anna Gobble,

        By: <u>/s/ David J. Philipps</u>
        One of Plaintiff's Attorneys

Dated: December 29, 2009

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com